OFFICIAL COMMITTEE OF ASBES-
TOS CLAIMANTS OF G–I HOLD-
INGS, INC., suing on behalf of the
Chapter 11 Bankruptcy Estate of G–I
Holdings, Inc. f/k/a GAF Corporation,
et al., Plaintiffs,

v.

Samuel J. HEYMAN, et
al., Defendants.

No. 01 Civ. 8539(RWS).

United States District Court,
S.D. New York.

March 14, 2007.

Caplin & Drysdale by Trevor W. Swett, Washington, DC, for Plaintiff Official Committee of Asbestos Claimants.

Akin Gump Strauss Hauer & Feld LLP by Andrew J. Rossman, Ariane A. Qureshi, David E. Altschuler, New York City, for Non–Party G–I Holdings Inc.

Simpson Thacher & Bartlett LLP by Barry R. Ostrager, David J. Woll, Amanda T. Perez, Sarah L. Dunn, New York City, for Non–Party International Specialty Products Inc.

### MEMORANDUM OPINION

SWEET, District Judge.

The Official Committee of Asbestos Claimants ("the Committee") has moved by letter motion to request that certain documents withheld by International Specialty Products, Inc. ("ISP") and G–I Holdings Inc. ("G–I") on the grounds of privilege be reviewed *in camera* to determine the applicability of the privilege. The Committee's motion was marked fully submitted on February 14, 2007.

For the reasons set forth below, certain documents will be submitted for review, certain documents may be withheld and certain documents will be produced.

### The ISP Withheld Documents

The issue with respect to the twenty-two documents withheld by ISP as stated by the Committee is whether the documents are ISP or G–I documents, an issue complicated by the representation of both entities by the lawyers involved.

As to documents identified as Log Nos. 26, 28, 30, 31, 32, 47, 48 and 49, they antedate the formation of ISP on April 25, 1991. While the documents may well be determined to be ISP documents, a review is necessary to resolve the issue.

With respect to the documents identified as Log Nos. 217–220, 223, 225, 228–229, 231, 236, 237, 240 and 245, the issue turns on the role of Mr. Stephen Todrys, who concededly represented G–I with respect to the tax implications of the ISP spin-off. According to ISP, these documents are also privileged as to ISP, which was also affected by the rulings involved. In addition, certain of these documents relate to the "GAF Shareholder Value Project," which at least nominally raises an issue of identification with G–I rather than ISP.

As to the document identified as Log No. 243, the Bear Stearns' letter, the Committee has asserted that it relates solely to G–I and has challenged the basis of the privilege claim.

■ Accordingly, as to these documents withheld by ISP, an *in camera* review is warranted. Such review will hopefully resolve these issues, which cannot be resolved on the present submissions.

### The G–I Withheld Documents

G–I has withheld seven documents as subject to the work product privilege: PR 121, PR 128, PR 130, PR 133, PR 203, PR 214, and PR 229. G–I has cited authorities for the proposition that the *Garner*

fiduciary exception does not extend to the work product privilege.[1] (G–I Mem. in Opp'n 8–9.) This proposition is not seriously challenged by the Committee.

■ What is challenged by the Committee is that the descriptions of the documents do not establish that they were prepared in anticipation of litigation. However, the descriptions are prepared in conventional form by knowledgeable counsel and are not attacked specifically as inadequate for the purpose. Under these circumstances, the privilege will be upheld.

G–I has withheld nine additional documents as not within the five categories of documents sought by the Committee: PR 120, PR 127, PR 197, PR 285, PR 287, PR 291, PR 292, PR 293, and WGM–P–14. Those five categories are:

- [First] The January 1, 1997 Spin–Off of ISP, any related restructuring of debt, and the ISP/ISPH merger.
- [Second] The Georgine Settlement and its demise, and any revised class action settlement or other arrangements (including legislation) that GI or CCR contemplated or pursued for resolving, processing, or limiting future asbestos claims.
- [Third] The financial impact of pending or future asbestos claims on G–I or any other asbestos defendant, including projections of future claims, evaluations of reserves for asbestos liabilities, the amounts of available insurance, and the rate at which such insurance was being consumed or was expected to be consumed in the future.
- [Fourth] The financial condition of G–I and direct or indirect subsidiaries, including their actual or anticipated solvency or insolvency, their anticipated or actual ability or inability to pay their debts

1. *See Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir.1970).

as they matured, and the actual or anticipated adequacy or inadequacy of their property or capital.

- [Fifth] The historical involvement of G–I's chemical's business in asbestos-related operations.

(Committee Mem. in Supp. 11–12 n. 9 (citing Mem. in Supp. of the Motion of the Official Committee of Asbestos Claimants to Compel Communications Withheld as Privileged [Docket No. 104] at 11).)

Based upon the description of the documents as set forth by G–I (G–I Mem. in Opp'n 14–15):

(1) It appears that PR 120, PR 127, and PR 197 are relevant to Category 2 and should be produced.

(2) PR 285 should be submitted for *in camera* review to determine whether it is relevant to Categories 3 and 4.

(3) PR 287, PR 291, PR 292, and PR 293 appear to be relevant to Category 4 and should be produced.

(4) WGM–P–14 appears to be related to Category 3 and should be produced.

### Conclusion

For the foregoing reasons, documents should be produced and submitted for *in camera* review as indicated. As to those documents to be submitted for *in camera* review, ISP and G–I have requested to make further submissions. The request is granted, and the Committee may respond to any such submissions. Submissions as to an appropriate and agreed-upon schedule may be made by counsel.

It is so ordered.